FILED
SUPERIOR COURT
OF GUAM

2019 MAR 29 PM 2:50

CLERK OF COURT

By_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0116-19 |
| vs. | DECISION AND ORDER |
| ALLEN FOLBUW YALMAD, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 27, 2019, for hearing on Defendant Allen Folbuw Yalmad's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or Unsecured Bond with Proposed Third Party Custodians ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Woodrow Pengelly was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 27, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On March 8, 2019, Defendant was indicted with the following charges: (1) Strangulation (As a Third Degree Felony); (2) Criminal Mischief (As a Third Degree Felony); Family Violence (As a Misdemeanor); and Harassment (As a Petty Misdemeanor). (Indictment,

*People v. Yalmad*
Case No. CF0116-19
Decision and Order

Mar. 8, 2019). These charges stem from allegations that Defendant strangled the alleged victim to the point where she lost consciousness and then threatened to kill her if she called the police in January 2019. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Feb. 28, 2019). The following month, Defendant threatened to kill the alleged victim while she was driving on Route 10, threatened to come back from jail and kill her if she called the police, and damaged the front windshield of the vehicle. *Id.*

On March 19, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Feb. 28, 2019. The Government did not file a written response to the motion.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 19, 2019. In the alternative, Defendant seeks to be released on an unsecured bond with third-party custodians, however, at the time of the hearing, no individuals had reported to Probation to apply as a third-party custodian for Defendant.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)   his/her employment status and history, and financial condition;
    (iii)  his/her family ties and relationships;
    (iv)  his/her reputation, character and mental and physical condition;

> (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
>
> (vi) his/her history relating to drug or alcohol abuse;
>
> (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
>
> (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>
> (ix) his/her history of compliance with other court orders;
>
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and
>
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

> (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;
>
> (b) placement of restrictions on the activities, movements, associations and residence of the person;
>
> (c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
>
> (d) release of the person during working hours, but with the condition that he return to custody at specific times; or
>
> (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized

interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a thirteen year resident of Guam, a FSM citizen, has many familial ties and social connections on Guam including four minor children, and has been working at Base Corporation for the past nine years. (Mot. at 4). Defendant also offers other possible residences for him to stay away from the alleged victim. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Although Defendant and the Government represented to the Court that the alleged victim does not oppose his release, the Court notes that the alleged incidents involve the offenses of Strangulation and Family Violence. The Court is concerned about the serious nature of these offenses charged as well as the multiplicity of the offenses. Defendant is accused to strangling the alleged victim to the point that she lost consciousness, and has threatened to kill her on more than one occasion.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. The Court will not release Defendant without approved third-party custodians at this time.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Criminal Trial Setting is set for April 8, 2019 at 10:00 AM.

**IT IS SO ORDERED,** *nunc pro tunc* to March 27, 2019, this ____ **MAR 2 9 2019** ____.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____ AG + PDSC

MAR 2 9 2019 3pm
Date:_____ Time:_____

*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Yalmad*
Case No. CF0116-19
Decision and Order